IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JENNIFER S., | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 17-2487 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

***********

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## <u>ALTERNATIVE MOTION FOR REMAND</u>

Plaintiff Jennifer S. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 13).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

# I

## Background

On May 5, 2016, Administrative Law Judge ("ALJ") Michael A. Krasnow held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 35-64. The ALJ thereafter found on July 29, 2016, that Plaintiff was not disabled from December 11, 2011, through the date of the ALJ's decision. R. at 10-34. In so finding, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). However, [Plaintiff] can occasionally climb ropes, ladders, and scaffolds, balance, stoop, kneel, crouch, and crawl. [Plaintiff] can frequently climb ramps and stairs. [Plaintiff] must avoid concentrated exposure to vibrations and hazards including dangerous machinery and unprotected heights and parts. [Plaintiff] is limited to simple, routine, and repetitive tasks, occasional changes in the work setting, occasional judgment or decision making, no production rate for pace of work, and occasional interaction with the general public, coworkers, and supervisors.

R. at 18-19. In light of this RFC and the VE's testimony, the ALJ determined that, although Plaintiff had no past relevant work, she could perform work such as a router, office helper, or non-postal mail clerk. R. at 25-26. The ALJ thus found that Plaintiff was not disabled from December 11, 2011, through July 29, 2016. R. at 26-27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 29, 2017, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

5

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-9,

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

ECF No. 12-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 5-6. In particular, she contends that the ALJ failed to evaluate properly the opinions of a state agency physician and a consultative examiner. *Id.* at 6-8. She also argues that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." *Id.* at 8. Plaintiff further asserts that the ALJ erroneously evaluated her subjective complaints. *Id.* at 9-14. For the reasons discussed below, the Court remands this case for further proceedings.

Plaintiff argues that the ALJ failed to evaluate properly the opinion of Aroon Suansilppongse, M.D., the state agency medical consultant who opined that she "has [the] mental capacity for simple work related activity (1-2 steps [sic] tasks) with minimal limitation due to alleged pain" (R. at 606). Pl.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 12-1. According to Plaintiff, although the ALJ gave significant weight to Dr. Suansilppongse's opinion (R. at 24), the ALJ did not include this limitation to one- to two-step tasks in the RFC assessment, without explanation. *Id.* at 6. As discussed below, the ALJ's error in failing to address Dr. Suansilppongse's opinion regarding Plaintiff's limitation to performing one- to two-step tasks was not harmless, so remand is warranted.

As noted in Part II above, the Commissioner bears the burden at the final step of the five-step sequential evaluation process used to evaluate a claimant's disability claim. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015). To determine whether sufficient other work exists for the claimant in the national economy, the ALJ relies primarily on the *Dictionary of Occupational*

*Titles*[5] (the "DOT"). *Id.* The ALJ may also use a VE "to address complex aspects of the employment determination, including the expert's observations of what a particular job requires in practice or the availability of given positions in the national economy." *Id.* SSR 00-4p requires that the ALJ inquire, on the record, whether the VE's testimony conflicts with the DOT, and also requires that the ALJ elicit a reasonable explanation for and resolve conflicts between the VE's testimony and the DOT. *Id.* at 207-08 (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000), at *2). The ALJ must, by determining if the VE's explanation is reasonable, resolve conflicts before relying on the VE's evidence to support a determination or decision about whether the claimant is disabled. *Id.* at 208 (citing same).

An ALJ has not fulfilled his affirmative duty merely because the VE responds "yes" when asked if his testimony is consistent with the DOT. *Id.* Rather, the ALJ independently must identify apparent conflicts between the VE's testimony and the DOT. *Id.* at 209. "[I]n many cases, testimony may only *appear* to conflict with the [DOT], and the [VE] may be able to explain that, in fact, no conflict exists." *Id.* A VE's testimony that apparently conflicts with the DOT "can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]." *Id.* at 209-10 (citing SSR 00-4p, 2000 WL 1898704, at *2).

"In order for a VE's opinion to be relevant or helpful, it must be based upon a consideration of all the other evidence on the record and must be in response to hypothetical

---

[5] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson*, 810 F.3d at 205 n.1; *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

questions which fairly set out all of the plaintiff's impairments." *Brinkley v. Astrue*, 695 F. Supp. 2d 269, 282 (D.S.C. 2010) (citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)). According to the DOT, the jobs of router and office helper require a reasoning level of two. DOT 222.587-038, 1991 WL 672123 (listed as "router"); DOT 239.567-010, 1991 WL 672232 (listed as "office helper"). According to Appendix C of the DOT, 1991 WL 688702, level-two reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Level-one reasoning skills, on the other hand, are defined as the skills to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *See Hernandez v. Astrue*, No. 1:09-CV-1805 SKO, 2010 WL 5113103, at *4 (E.D. Cal. Dec. 9, 2010). "[R]easoning levels of two are consistent with limitations to simple instructions and routine tasks." *Davis v. Comm'r of Soc. Sec.*, Civil No. SAG-11-2779, 2013 WL 153594, at *2 (D. Md. Jan. 14, 2013); *see Dillon v. Astrue*, Civil Action No. TMD 08-2597, 2011 WL 337334, at *5 (D. Md. Jan. 31, 2011) (performance of jobs with reasoning level of two is not inconsistent with limitation to simple, routine, repetitive tasks); *accord Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with claimant's RFC" to "simple and routine work tasks"). Further, the job of non-postal mail clerk (DOT 209.687-026, 1991 WL 671813 (listed as "mail clerk")) requires a reasoning level of three,[6] which this Court almost invariably has determined is also consistent with a limitation to "simple, routine, and repetitive

---

[6] Level-three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." DOT app. C, 1991 WL 688702.

9

tasks." *See, e.g.*, *Johnson v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-17-1819, 2018 WL 2248412, at *11 (D. Md. May 16, 2018) (citing cases). *But see Halpern v. Colvin*, Civil No. TDC 14-2538, 2016 WL 429965, at *9 (D. Md. Feb. 4, 2016) (reporting that limitation to simple instructions and no complex tasks apparently conflicts with demands of level-three reasoning (citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015); *Hackett*, 395 F.3d at 1176)), *subsequently aff'd mem. per curiam sub nom. Halpern v. SSA*, 676 F. App'x 210 (4th Cir. 2017).

The Fourth Circuit has held, however, that "there is an apparent conflict between an RFC that limits [a claimant] to one-to-two step instructions and GED Reasoning Code 2, which requires the ability to understand detailed instructions." *Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016) (per curiam); *see Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015); *Carpenter v. Colvin*, No. 1:13-cv-01637 (CKK/GMH), 2016 WL 946975, at *7 (D.D.C. Feb. 24, 2016) ("The ALJ's instruction that the hypothetical plaintiff was limited to 'simple, routine, repetitive, one to two step tasks' conflicts with DOT Reasoning Level Two, which is required for both jobs identified in the VE's testimony."), *report and recommendation adopted*, Civil Action No. 13-01637 (CKK/GMH), 2016 WL 953216 (D.D.C. Mar. 14, 2016). Despite affording significant weight to the opinion of Dr. Suansilppongse, who opined that Plaintiff's mental capacity restricted her to performing one- and two-step tasks (R. at 606), the ALJ's "RFC and hypothetical here are not supported by substantial evidence because it is not clear whether the omission of any limitation to one or two-step jobs was intentional or not." *Harden v. Comm'r of Soc. Sec.*, Civil Action No. 13-906, 2014 WL 4792294, at *4 (W.D. Pa. Sept. 24, 2014).

> While the ALJ was by no means required to simply adopt all of the limitations found by the state reviewing agent, [the ALJ] was required to explain [the ALJ's] basis for rejecting them if [the ALJ] chose to do so, particularly in light of the fact

> that [the ALJ] expressly gave significant weight to this opinion in formulating the RFC and hypothetical.

*Id.* "Where, as here, there is potentially conflicting evidence in the record, the ALJ must explain which evidence [the ALJ] accepts and rejects and the reasons for [the ALJ's] determination." *Id.* at *5. "The state agency [medical consultant], whose opinion was given significant weight, offered an opinion of a restriction not included in the RFC or hypothetical that could possibly conflict with the VE's opinion as to the positions that Plaintiff could perform." *Id.* "The ALJ is not necessarily obligated to accept this additional limitation, but [the ALJ] cannot ignore it. It is the need for further explanation that mandates the remand on this issue." *Id.* "Likewise, while the VE's opinion may remain unchanged even with this additional restriction, that is left for the VE to decide." *Id.*; *see Bush v. Colvin*, Civil Action No. 15-718, 2016 WL 1730534, at *1-2 (W.D. Pa. May 2, 2016); *Bobbitt v. Colvin*, No. 03:13-CV-01320-HZ, 2014 WL 2993738, at *8-10 (D. Or. July 1, 2014). For these reasons, the ALJ's failure to address Dr. Suansilppongse's opinion regarding Plaintiff's ability to perform one- to two-step tasks is not harmless error, and remand is warranted.

In short, the inadequacy of the ALJ's analysis frustrates meaningful review. Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is warranted. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Because remand is granted on other grounds, the Court does not address Plaintiff's remaining arguments. *See Testamark v. Berryhill*, 736 F. App'x 395, 399 n.2 (4th Cir. 2018) (per curiam). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Roxin v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2311, 2015

WL 3616889, at *4 (D. Md. June 5, 2015); *Lawson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2202, 2015 WL 660827, at *1-2 (D. Md. Feb. 13, 2015).[7]

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: October 19, 2018

/s/
Thomas M. DiGirolamo
United States Magistrate Judge

---

[7] The Court points out that, when considering a claimant's credibility, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017)). In this regard, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Lewis v. Berryhill*, 858 F.3d 858, 868 n.3 (4th Cir. 2017) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). *But see Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). "[W]orking sporadically or performing household chores are [sic] not inconsistent with being unable to engage in substantial gainful activity." *Engstrand v. Colvin*, 788 F.3d 655, 661 (7th Cir. 2015); *see Krauser v. Astrue*, 638 F.3d 1324, 1333 (10th Cir. 2011) ("As for watching television, that is hardly inconsistent with [the claimant's] allegations of pain and related concentration problems." (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004))). On remand, the ALJ also should explain, in light of the foregoing, how Plaintiff's activities show that she can persist through an eight-hour workday. *See Brown*, 873 F.3d at 263.